# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

  Plaintiff,        Case No. 3:16MJ00136

            District Judge Thomas M. Rose
 -vs-          Chief Magistrate Judge Sharon L. Ovington

KEVIN KOOB,

  Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court for consideration of Defendant's Competence to Stand Trial. A Competency Hearing was held on October 25, 2016. At that time, counsel for Defendant noted the report of Dr. Massimo De Marchis finding Defendant Incompetent to Stand Trial. The Government did not object to this finding and did not request an additional evaluation.

Accordingly, the Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Therefore, pursuant to 18 U.S.C. § 4241(d), Defendant is ordered committed to the custody of the Attorney General of the United States for a period not to exceed four (4) months for placement in a suitable facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. The mental health professional designated to conduct the examination shall file a prompt report with this Court pursuant to 18 U.S.C. §4247(c).

It is accordingly recommended that the Court make a finding that Defendant is not Competent to Stand Trial and be committed to the custody of the Attorney General of the United States as set forth herein.

October 28, 2016

                                                s/ Sharon L. Ovington
                                                  Sharon L. Ovington
                                      Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Crim. P. 59(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Crim. P. 49(c) and Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). However, at the Competency Hearing the parties agreed to shorten the period of time in which to file objections to three (3) days. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).